<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-2205**

───────────

JUAN TORRES ARELLANO, a/k/a Juan Arellano
Torres,

                                              Petitioner,

        versus

TOM RIDGE, Secretary, U.S. Department of
Homeland Security; ALBERTO R. GONZALES,
Attorney General,

                                             Respondents.

───────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A70-692-560)

───────────

Submitted: April 6, 2005            Decided: May 4, 2005

───────────

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Satnam Singh, LAW OFFICE OF SATNAM SINGH, Norfolk, Virginia, for
Petitioner. Peter D. Keisler, Assistant Attorney General, Michelle
Gorden, Andrea Steward, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondents.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Juan Torres Arellano, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of a motion to reopen as untimely. Arellano sought rescission of a final order of deportation entered in absentia. We have jurisdiction under 8 U.S.C. § 1105a(a) (1994),[*] and we deny the petition for review.

Having reviewed the record and briefs, we conclude that the Board did not abuse its discretion in affirming the immigration judge's denial of the motion to reopen as untimely. The record reveals that Arellano received actual notice of the hearing and did not timely move to reopen in accordance with 8 U.S.C. § 1252b(c)(3)(A) (1994); see also 8 C.F.R. § 1003.23(b)(4)(iii) (2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]We note that 8 U.S.C. §§ 1105a, 1252b, were repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, these provisions are still applicable under the terms of the transitional rules contained in IIRIRA § 309(a), (c).